Eastern District of Kentucky
FILED
OCT 17 2008
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-CV-109-DLB

DOUGLAS J. ALGIE                                                              PLAINTIFF

VS:                     **MEMORANDUM OPINION AND ORDER**

NORTHERN KENTUCKY UNIVERSITY                                    DEFENDANT

Plaintiff Douglas J. Algie, who lists his address as 2240 Hanser Drive, Covington, Kentucky, Drive, Lexington, 40511, has filed a *pro se* civil action asserting claims under Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e. Algie has paid the $350.00 filing fee [Record No. 1].[1]

This matter is before the Court for initial screening under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment to cure such defects would not be permitted after dismissal.

---

[1] On October 3, 2008, Algie filed a motion to proceed *in forma pauperis* [Record No. 4]. The That motion will be denied as moot, as Algie paid the $350.00 filing fee in full on June 17, 2008.

1

## DEFENDANT

The plaintiff has named Northern Kentucky University ("NKU") as the sole defendant in this proceeding.

## CLAIMS AND RELIEF SOUGHT

Algie alleges that NKU has discriminated against him in a variety of ways on the basis of his gender. Algie may also be claiming that NKU discriminated against him on the basis of a medical disability. Algie seeks unspecified injunctive relief, unspecified damages, court costs and attorney's fees, although the Court notes that Algie is proceeding *pro se* in this civil action.

## PRIOR LITIGATION

Algie was employed in the NKU printing department between 1999 and 2007. Algie has filed other litigation in this Court alleging that NKU discriminated against him on the basis of his gender and retaliated against him for complaining about job disparities between male and female workers in NKU's printing department.

On June 1, 2005, Algie filed Discrimination Charge No. 241-2005-01556 with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a "right to sue" letter on November 9, 2005. On January 27, 2006, Algie filed a Title VII civil action against NKU. *See Douglas Algie v. Northern Kentucky University*, Covington Civil Action No. 2:06-CV-23-JGW ("the First Algie Action").

In the First Algie Action, Algie alleged that between 1999 and 2001, NKU assigned two other female employees in the printing department preferential responsibilities that he had not been extended, which action Algie claimed resulted in better job advancement opportunities for

2

them at NKU. Algie alleged that these female employees were elevated to the level of Pre-Press ("PP") Specialist III, while Algie was overlooked for the advancement and remained classified as a PP Specialist II.

On July 23, 2007, Magistrate Judge J. Gregory Wehrman dismissed the First Algie Action [*See Id.*, Record No. 41]. Magistrate Judge Wehrman explained that pursuant to 42 U.S.C. § 2000e-5(e)(1), an EEOC charge must be filed within 300 days after the alleged unlawful practice occurred [*Id.*, pp. 4-6]. Although the bulk of Algie's complaints about his female co-workers arose between 1999 and 2003, Algie did not file EEOC Charge No. 241-2005-01556 until long thereafter, on June 1, 2005.

Based on careful review of the record and after citing the case of *Ledbetter v. Goodyear*, 127 S. Ct. 2162 (2007), Magistrate Judge Wehrman concluded that no discrete discriminatory acts had occurred within the relevant 300-day period. Magistrate Judge Wehrman concluded that because Algie had waited nearly four years after the expiration of the 300-day period before filing EEOC Charge No. 241-2005-01556, Algie's sex discrimination claims were time-barred under § 2000e-5(e)(1) [*Id.*, pp. 5-7].[2]

Magistrate Judge Wehrman further concluded that to the extent Algie had complained of two alleged gender discrimination actions which did arise within the relevant 300-day limitation period, those claims were not meritorious. First, to the extent that Algie complained that Leigh

---

[2] Magistrate Judge Wehrman further rejected Algie's alternative argument that although the acts of gender discrimination occurred outside of the relevant 300- day limitation period, the effects of the alleged sex discrimination continued into the relevant 300-day limitation period. [*Id.*, p.7]

Ober, a female employee, was unfairly reclassified to a full time graphic designer, Magistrate Judge Wehrman concluded that no sex discrimination had occurred because Ober had already been working successfully in a graphic designer position [*Id*, p.7].

Second, Algie had complained that another *male* employee named Mike Miner had been hired into a contract Graphic Design position in July 2004. Magistrate Judge Wehrman concluded the hiring of another male employee did not support Algie's claim of gender discrimination.

Magistrate Judge Wehrman also dismissed Algie's retaliation claims, finding that Algie had failed to exhaust that claim. Magistrate Judge Wehrman noted that under Sixth Circuit case law, a retaliation claim raised for the first time in federal court is procedurally barred [*Id.*, p. 11]. Specifically, Magistrate Judge Wehrman concluded that Algie failed either to check the "retaliation" box in the EEOC claim form or to allege any facts supporting a retaliation claim under Title VII [*Id.*, pp. 11-12].

Additionally, because Algie's testified in his deposition that NKU did not engage in any acts of retaliation after 1999, Magistrate Judge Wehrman determined that the retaliation claims were also time barred under § 2000e-5(e)(1) [*Id.*, p. 12]. Finally, Magistrate Judge Wehrman determined that although Algie had complained that some of the duties which he had been assigned to perform were beneath his level, the duties fell within the relevant job description for a PP II position. Accordingly, Magistrate Judge Wehrman determined that Algie had not been subjected to adverse employment action. [*Id.*, p. 12].

4

## ALLEGATIONS OF THE SECOND ALGIE COMPLAINT

On June 17, 2008, Algie filed the instant employment discrimination action against NKU ("the Second Algie Action"). Algie's primary claim is that NKU discriminated against him on the basis of his gender. Algie also claims that NKU retaliated against him because he complained about acts of discrimination and harassment directed toward him.

On November 26, 2007, prior to filing the Second Algie Action, Algie filed a "Charge of Discrimination" with the EEOC, which is identified as EEOC Charge No. 474-2008-00173 [*See* Record No. 1-2, p.1]. In the section of the EEOC Charge entitled "Discrimination Based On," Algie marked an "X" next to two boxes: "Sex" and "Retaliation" [Record No. 1-2, p.1]. In the section entitled "Particulars," Algie explained his claims as follows:

(1)   NKU retaliated against him for filing the earlier EEOC charge on June 1, 2005 (EEOC Charge No. 241-2005-01556) and for filing the First Algie Action;

(2)   NKU retaliated against him for filing EEOC Charge No. 474-2007-01058, which Algie alleges had contained allegations of retaliation for having filed the First Algie Action;[3]

(3)   Algie had applied for various advancement opportunities but NKU refused to consider his applications.

(4)   On April 10, 2007, Algie received a substandard performance evaluation, which

---

[3] Neither the First Algie Action nor the Second Algie Action appear to contain a copy of this particular EEOC charge.

5

Algie alleged was the first unfavorable evaluation he had received in 8 years.

(5)  Approximately sixty (60) days after the First Algie Action was dismissed, Jackson A. Meeks, the Director of Business Operations, terminated Algie's employment. [*Id*].

The EEOC issued a "Right-to-Sue" letter on November 9, 2007 [*Id.*, p.2]. Algie did not, however, file the Second Algie action until seven months later, on June 17, 2008. On page two of his complaint, Algie listed six actions taken against him. Summarized, he claimed that NKU discriminated against him by denying him promotions, harassing him and ultimately, terminating him from his position [*See* Complaint, Record No. 1, p. 2]. Algie also marked an "X" in his complaint next to the word "Medical Disabilities." [*Id*].

On Page Three of his complaint, Algie described, in a more narrative format, the actions about which he complains. First, Algie states that after he filed the first EEOC Charge, No. 241-2005-1556 on June 1, 2005, NKU began retaliating against him. He further alleges that the retaliation continued after he filed the First Algie Action and culminated in his termination. Algie complains that he received no warning of his impending termination; no explanation for his termination; and that NKU failed to follow proper disciplinary procedures in firing him.

Second, Algie stated that prior to his termination he received unfavorable and unsubstantiated employee evaluations.[4] He claims that NKU withheld these unfavorable evaluations from him in order to prevent him from filing more EEOC charges. Third, Algie

---

[4] Algie did not specify the exact date on which he was terminated. He stated only that the action occurred about sixty days after the First Algie Action was dismissed, and that dismissal occurred on July 23, 2007. Presumably then, Algie was terminated on or about September 23, 2007.

alleged that NKU unfairly determined that he had engaged in excessive absenteeism, despite the fact that he had not used all of his allotted time under the Family Medical Leave Act.

## DISCUSSION
### 1. Retaliation Charges stemming from the Filing of June 1, 2005 EEOC Charge and the First Algie Action

The Court must dismiss, *sua sponte*, Algie's allegations concerning: (1) acts of alleged retaliation by reason of having filed the June 1, 2005 EEOC charge, and (2) acts of retaliation by reason of having filed the First Algie Action. Algie unsuccessfully raised both of those claims in the First Algie Action. As the Court has recounted herein, these very claims were dismissed on July 23, 2007, when the First Algie Action was dismissed.

Magistrate Judge Wehrman determined that most of Algie's sex discrimination, set forth in EEOC Charge No. 241-2005-01556, were procedurally time-barred because they were not asserted within 300 days of the alleged action as required by 42 U.S.C. § 2000(e). As also discussed, Magistrate Judge Wehrman further concluded that to the extent that Algie had timely asserted some sex discrimination claims in the First Algie Action (specifically, the hiring of Leigh Ober and Mike Miner), those claims failed on the merits, for reasons already enumerated.

Furthermore, Magistrate Judge Wehrman determined that Algie's retaliation claims were procedurally barred because Algie failed either: (1) to check the box for "retaliation" when he filed EEOC Charge No. 241-2005-01556 or (2) to allege any facts to support a retaliation claim.

Finally, Algie claims in the Second Algie Action that NKU retaliated against him for filing the First Algie Action. However, Magistrate Judge Wehrman addressed and dismissed that specific claim on July 23, 2007, finding that Algie had refuted that claim in his deposition

testimony given in the First Algie Action. The Magistrate Judge specifically referred to Algie's deposition testimony wherein he stated that NKU had not retaliated against him either after he filed the June 1, 2005 EEOC Charge **or** after he filed the First Algie Action [*See* 06-CV-23, Mem. Op & Ord., Record No. 41, p.12, (citing to Deposition, Record No. 34 at p. 191)).

The doctrine of *res judicata* bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were, or could have been, raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424 (1981); *Kane v. Magna Mixer Company*, 71 F.3d 555, 560 (6th Cir. 1995). *Res judicata* applies when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane*, 71 F.3d at 560.

Algie's gender discrimination and retaliation claims associated with the June 1, 2005 EEOC Charge No. 241-2005-01556, and the alleged retaliation from the filing of the First Algie Action, have all been adjudicated adversely to him. Under the doctrine of *res judicata*, Algie will not be permitted to re-assert those same claims in this action. Because these claims are frivolous and devoid of merit under the framework of *Apple v. Glenn*, 183 F.3d 480, those claims will be dismissed *sua sponte*, with prejudice.

2. Medical Disability Claims

Algie asserts in the body of his current Title VII complaint that he was discriminated on the basis of a medical disability [Record No. 1, p.2]. However, his November 26, 2007 EEOC

Charge contains absolutely no mention of any discrimination based on any type of medical disability. A Title VII plaintiff is limited to the allegations asserted in the EEOC complaint. *See Mitchell v. Per Se Technologies, Inc.*, 64 Fed. Appx. 926, 2003 WL 21130023 (6th Cir. (Tenn.) May 13, 2003) (Not selected for publication in the Federal Reporter) (dismissing plaintiff's claims because they were not the same as the allegations contained in her EEOC complaint).

A *pro se* plaintiff is no more entitled to present unexhausted claims than a plaintiff who is represented by a lawyer. *See McKinney v. Eastman Kodak Company*, 975 F. Supp. 462, 468 (W.D. N.Y. 1997) (citing *Shannon v. Ford Motor Co.*, 72 F.3d 678, 674-85 (8th Cir. 1996) ("there is a difference between liberally reading a [*pro se*] claim which 'lacks specificity' and inventing, *ex nihilo*, a claim which simply was not made" before the EEOC) (quoting *Pickney v. American Dist. Telegraph Co. of Arkansas*, 568 F. Supp. 687, 690 (E.D. Ark. 1983)).

That conclusion is even more striking in this case, because Plaintiff Algie went through the EEOC charging process in 2005. The Magistrate Judge dismissed some of his retaliation claims in the First Algie Action because Algie had failed to specify and/or identify those claims during the preliminary EEOC charging process. In light of his own relevant history with filing employment discrimination claims, Plaintiff Algie should have known that it was incumbent on him to mark the "Disability" box in his November 26, 2007 EEOC charge.

Alternatively, Algie should have conveyed pertinent facts in the "Particulars" section of the EEOC charge explaining what, if any, medical disability he suffered from which led to the defendants' alleged discriminatory actions against him. Algie did neither on this issue, yet waited to assert the claim in his June 17, 2008 complaint.

9

Federal courts do not have subject matter jurisdiction over Title VII claims brought by a claimant who has yet to exhaust available administrative remedies. *See Love v. Pullman Co.*, 404 U.S. 522 (1972); 42 U.S.C. § 2000e-5(e)(1). Algie's claim of employment discrimination based on a medical disability will therefore be dismissed without prejudice.

### 3. Claims Relating to Actions Which Occurred on or after April 10, 2007

Algie's claims concerning alleged discrimination on or after April 10, 2007, through and including his termination in September of 2007, survive initial screening and may proceed. The record must be further developed on these claims.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Douglas Algie's "Motion to Proceed In Forma Pauperis" [Record No. 4] is **DENIED** as **MOOT**.

(2) Plaintiff Douglas Algie's Title VII retaliation claims stemming from the filing of June 1, 2005 EEOC Charge and the filing of the First Algie Action [06-CV-23-JGW] are **DISMISSED WITH PREJUDICE**.

(3) Plaintiff Douglas Algie's Title VII employment discrimination claims relating to alleged medical disability are **DISMISSED WITHOUT PREJUDICE**.

(4) Plaintiff Douglas Algie's claims concerning alleged discrimination on or after April 10, 2007, through and including his termination in September of 2007 may proceed.

(5)     The Clerk of the Court is directed to issue summons for The Office of the Vice President for legal Affairs & General Counsel, Lucas Administration Center 824A, Nunn Drive, Highland Heights, Kentucky 41099.

(6) The plaintiff shall be responsible for proper service of the summons and complaint under the Federal Rules of Civil Procedure, paying particular attention to     **all** applicable provisions of Fed. R. Civ. P. 4.

(7) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in dismissal**.

(8) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

(9) This proceeding, 08-CV-109-DLB, is referred to Magistrate Judge J. Gregory Wehrman pursuant to 28 U.S.C. § 636(b)(1)(A) for all further proceedings and disposition, and is no longer referred to the Pro Se Office. The Clerk of the Court is directed to make the appropriate administrative referral notation(s) in the CM/ECF docket sheet.

This \_\_17th\_\_ day of October, 2008.

