**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 08-109-DLB**

**DOUGLAS J. ALGIE**                                                 **PLAINTIFF**

**vs.**                      **MEMORANDUM ORDER**

**NORTHERN KENTUCKY UNIVERSITY**                      **DEFENDANT**

\*    \*    \*    \*    \*    \*    \*

Douglas Algie, *pro se*, commenced this employment discrimination action against his former employer, Northern Kentucky University (NKU), alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff alleges Defendant terminated his employment in retaliation for previous complaints of gender discrimination,[1] and seeks injunctive relief, compensatory damages, attorney's fees, and costs of suit.

This matter is currently before the Court on the Report and Recommendation entered by the United States Magistrate Judge on October 19, 2009 (Doc. #48), Defendant's Motion for Summary Judgment (Doc. #35), and Plaintiff's Motion for Sanctions (Doc. #37). The Magistrate Judge recommends denying Plaintiff's motion, and granting summary judgment in favor of Defendant. Plaintiff timely filed objections to the R &R (Doc.

---

[1] This is not Plaintiff's first federal-court action against his former employer. Plaintiff previously litigated nearly identical employment discrimination claims against NKU. *See Algie v. Northern Kentucky University*, 2:06-cv-23-JGW. On July 23, 2007, summary judgment was entered in favor of NKU on all of Plaintiff's prior claims.

1

#50),[2] to which Defendant has responded (Doc. #51). Having considered the entire record, and for the reasons that follow, Plaintiff's objections (Doc. #50) are **OVERRULED**, the Magistrate's Report and Recommendation (Doc. #48) is **ADOPTED**, Plaintiff's Motion for Sanctions (Doc. #37) is **DENIED**, and Defendant's Motion for Summary Judgment (Doc. #35) is **GRANTED**.

## I.  ANALYSIS

### A.  Standard of Review

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). However, the Sixth Circuit Court of Appeals has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff's objections are non-responsive to the Report and Recommendation. Rather, they amount to nothing more than a reiteration of the arguments made in his Response to Defendant's Memorandum in Support of Summary Judgment. (Doc. #39). The objections contain no explanation of how the Magistrate Judge erred or any argument why his reasoning was defective or not supported by existing authority. Nonetheless, in light of Plaintiff's *pro se* status, the Court will address each of Plaintiff's objections in turn.

#### 1.  Objection #1: Evidence of Pretext Pertaining to Resume Fraud

Plaintiff contends that he is unable to prove that one of Defendant's proffered

---

[2] Plaintiff filed no objection to the Magistrate Judge's recommendation that his Motion for Sanctions (Doc. # 37) be denied.

reasons for his termination - resume fraud - was a pretext for retaliation because NKU failed to produce documents to verify that it did not perform a background check on Plaintiff prior to offering him employment. Plaintiff argues that, pursuant to the Magistrate Judge's Order of June 17, 2009, he is entitled to documents "pertaining to criminal background checks conducted on Plaintiff." (Doc. #50 at 1). "If in fact a criminal background check was conducted on Plaintiff prior to 2007, Plaintiff would be able to show evidence of pretext." *Id.*

Plaintiff's interpretation of the Magistrate Judge's Order is mistaken. Rather than ordering Defendant to produce documents confirming whether a background check was performed on Plaintiff in 1999, the Order expressly denies Plaintiff's request for such confirmation as irrelevant:

> I agree with defendant that the request for Mr. Hadesty's pre-employment work history should be denied as irrelevant, as should plaintiff's request for confirmation that defendant did not perform a criminal background check prior to the commencement of his employment. The defendant has already confirmed that fact and has further represented that it searched the Kenton County Public Records in September 2007 when they learned that plaintiff had been arrested in connection with possession of a firearm.

(Doc. # 33 at 3-4). Algie never appealed the Magistrate Judge's denial of his motion to compel, nor does he now - perhaps due to his mistaken belief that the Order entitles him to production of the requested documentation - present any objection to that ruling. Accordingly, this objection is overruled.

### 2. Objection #2: Regarding Retaliatory Conduct

Plaintiff argues that his termination was not the only retaliatory act taken against him, and that other actions - such as his 2007 performance evaluation - also constitute adverse action. Specifically, Plaintiff contends that his deposition testimony should not be

3

construed as containing an admission that his termination was the only retaliatory act committed by Defendant: "Plaintiff's testimony as to termination being the only retaliatory act of this complaint was no more than an inference as to the ultimate adverse action of this complaint." (Doc. #50 at 2).

The Magistrate Judge thoroughly addressed this precise argument in his Report and Recommendation:

> [A] plaintiff may not create new claims in an effort to defeat summary judgment when those claims are contrary to his earlier deposition testimony. In plaintiff's January 7, 2009 deposition, he testified affirmatively that the *only* retaliatory act that this lawsuit concerns is his termination. All of the actions which plaintiff presents in his unsworn responsive memorandum as new "retaliatory acts" are alleged to have occurred prior to that January 7, 2009 deposition testimony. Therefore, they are not further considered.

(Doc. #48 at 8) (citations omitted); *cf. Aerel, S.R.L. v. PCC Airfoils, L.L.C*, 448 F.3d 899, 906 (6th Cir. 2006) ("[A] party cannot create a disputed issue of material fact by filing an affidavit that contradicts the party's earlier deposition testimony."); *Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir. 1997).

Furthermore, even if Plaintiff had not conceded that his claim for retaliation relates solely to his termination from NKU, his contention that his 2007 performance evaluation constituted an "adverse action" is without merit. "Markedly worse performance evaluations that significantly impact an employee's wages or professional advancement" may be materially adverse actions. *James v. Metro. Gov't of Nashville*, 243 F. App'x 74, 79 (6th Cir. 2007) (unpublished).

However, Plaintiff's 2007 performance evaluation was not "markedly worse" than his evaluations in 2005 and 2006. The performance reviews for all three years indicate that Plaintiff "Needs Improvement" in the following areas: quantity of work, interpersonal skills,

4

team player, reliability, judgment and decision making, and drive and commitment. (Doc. #35, Ex. C-F). The only difference between the 2007 evaluation and the two previous evaluations is its indication that Plaintiff "Needs Improvement" in the areas of adaptability and communication skills. (Doc. #35, Ex. E). Given Plaintiff's relatively poor performance evaluations in 2005 and 2006, the Court cannot conclude that Plaintiff's 2007 review was "markedly worse."

In addition, Plaintiff's 2007 evaluation did not "significantly impact" his wages or professional advancement. Plaintiff's consistently poor work performance was one of *several* bases - such as resume fraud, insubordination, and safety concerns - that Defendant claims motivated Plaintiff's termination. (Doc. #35) ("In light of Algie's misrepresentations on his resume, his criminal record, his continued monitoring of co-workers, his poor performance reviews, and obvious safety concerns given Algie's behavior and arrests, counsel instructed NKU to terminate Algie."). Therefore, in light of Plaintiff's deposition testimony, and the absence of any evidence which could substantiate Plaintiff's claim that his 2007 performance review constituted an "adverse action," this objection is overruled.

### 3. Objection #3: Regarding Causal Connection and Failure to Prove Pretext

Plaintiff claims that Defendant violated its "established Disciplinary Procedures" when it terminated him "without the benefit of any warning or implementation of a probationary period," and contends that "[t]his extreme action supports a pretext to Defendant's reasons for termination." (Doc. #50 at 3). This argument fails for two reasons.

First, NKU did not violate the procedures detailed in its Employee Handbook when

it terminated Plaintiff's employment without first implementing progressive disciplinary procedures. Section G 2.1 of the handbook clearly states that progressive disciplinary procedures "will apply *unless* immediate discharge is warranted." (Doc. #39, Ex. R) (emphasis added). Section C 7.4 details the circumstances under which an employee's employment may be immediately terminated:"A staff member who conducts himself in a manner that reflects unfavorably upon the University . . . will be subject to immediate discharge . . . for such causes as . . . Dishonesty, Insubordination, [and] Imperiling safety of fellow employees." (Doc. #51, Ex. A). NKU contends that Plaintiff's failure to fully disclose the extent of his criminal record - including a prior arrest for possession of a firearm - coupled with his continued monitoring of employees warranted immediate dismissal under the provisions of the Employee Handbook. Plaintiff does not cite to specific provisions of the Employee Handbook to support his argument, nor does he argue that Defendant lacked a sufficient basis for his immediate termination under the handbook's provisions. Consequently, Defendant did not violate its own policies when it terminated Plaintiff without first implementing progressive discipline.

Second, even assuming arguendo that Defendant did violate its progressive disciplinary procedures by immediately terminating Plaintiff's employment, that fact alone is insufficient to establish pretext. *Macy v. Hopkins County School Bd. of Educ.*, 484 F.3d 357, 369 (6th Cir. 2007) ("Although 'failure to follow internal procedures can be *evidence* of pretext, such a failure is, by itself, 'generally insufficient to support a finding of pretext." (citations omitted)); *White v. Columbus Metro. Housing Auth.*, 429 F.3d 232, 246 (6th Cir. 2005) ("[A]n employer's failure to follow self-imposed regulations or procedures is generally insufficient to support a finding of pretext."). Accordingly, this objection is overruled.

6

### 4. Objection #4: Regarding Monitoring of Co-Workers and Insubordination

Plaintiff contends Defendant's inclusion of Plaintiff's monitoring of his co-workers as grounds for termination evidences pretext. Specifically, Plaintiff argues that his monitoring violated no University policy and disputes whether his co-workers were aware of his activities: "Plaintiff would not have submitted these documents if he thought it could cause his termination. The fact that Plaintiff kept these records for over a year without anyone addressing this issue is evidence that no one was aware of this activity until the documents were submitted with Plaintiff's self-evaluation." (Doc. #50 at 3).

The Magistrate Judge considered - and rejected - this argument in his Report and Recommendation:

> Plaintiff's own viewpoint notwithstanding, the record reflects that plaintiff's supervisors believed that plaintiff's co-workers were aware of plaintiff's efforts to monitor their behavior and felt "unnerved" by that behavior. There is certainly no dispute that plaintiff's supervisors were aware of plaintiff's continuous documentation of his co-workers. . . . Defendant's knowledge of plaintiff's monitoring of coworkers after plaintiff had previously been counseled to improve those relationships supports a finding that plaintiff's termination on this ground was not pretextual.

(Doc. #48 at 18). Plaintiff does not dispute the Magistrate Judge's conclusion on this issue, nor does he point to any record evidence which supports his contention that his co-workers and supervisors were unaware of his monitoring. Consequently, the Court agrees with the Magistrate Judge that plaintiff's lengthy monitoring of his co-workers - despite warnings from his supervisors to improve his interpersonal skills - constituted non-pretextual grounds for his termination. Accordingly, this objection is overruled.

### 5. Objection #5: Regarding the Alleged Safety Concerns

Plaintiff next argues that Defendant's expressed concern regarding Plaintiff's prior arrest for gun possession, and its contention that Plaintiff posed a safety risk to his co-workers such that his termination was warranted, are pretextual: "Despite Defendant's attempt to exploit the circumstances of Plaintiff's past, Plaintiff has already pointed out that the gun charge was dropped. The gun in question was confiscated and Plaintiff does not own any other firearms." (Doc. #50 at 3).

However, as the Magistrate Judge correctly noted, Plaintiff cannot demonstrate pretext by alleging a dispute over the facts upon which his termination was based, rather he must "put forth evidence which demonstrates that the employer did not 'honestly believe' in the proffered non-discriminatory reason for its adverse employment action." *Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001); *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001) ("As long as an employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect."). As Plaintiff has not pointed to any evidence in the record which establishes that Defendant knew he did not possess a gun, or that Defendant did not believe Plaintiff posed a safety risk to his co-workers based on his past criminal conduct, the Court agrees with the Magistrate Judge that "plaintiff offers no evidence that defendant trumped up its concern with his prior gun charge, or that the defendant's expressed safety concerns are pretextual." (Doc. #48 at 21). Accordingly, this objection is overruled.

### 6. Objection #6: Regarding Failure to Mitigate

Finally, Plaintiff takes issue with Defendant's argument that it was entitled to summary judgment on the basis that Plaintiff could not prove any monetary damages because he failed to produce evidence that he sought similar employment. Plaintiff argues: "Defendant stated that the requests concerning Plaintiff's testimony which include damages would be forthcoming in writing. Plaintiff was not in receipt of those requests, which included damages, until three days before the cutoff for discovery. This was nothing more than a legal trick, and should not influence the decision in this case." (Doc. #50 at 4).

This objection is non responsive to the Magistrate Judge's findings regarding Plaintiff's failure to mitigate his damages. Contrary to Plaintiff's assertion, the Magistrate Judge did not conclude that Plaintiff had failed to mitigate his damages because the record lacked evidence Plaintiff sought similar employment following his termination from NKU. Rather, the Magistrate Judge concluded that Plaintiff could not recover front pay because he decided to become a full-time student instead of attempting to secure employment: "I agree that the increase in credit hours would have precluded plaintiff from pursing full-time employment, based upon his own testimony." (Doc. #48 at 22). Plaintiff does not take issue with this conclusion, nor does he argue that he would have been able to secure full-time employment while attending NKU. Consequently, this objection is overruled.

### III. CONCLUSION

The Court's independent review of the record leads it to conclude that the Magistrate Judge correctly concluded that Plaintiff failed to present sufficient evidence to establish a prima facie case for retaliation, and in the alternative, that Plaintiff failed to show that Defendant's stated reasons for Plaintiff's termination were pretextual.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. #50) are hereby **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

3. Plaintiff's Motion for Sanctions (Doc. #37) is hereby **DENIED**;

4. Defendants' Motion for Summary Judgment (Doc. #35) is hereby **GRANTED**;

5. This matter is hereby **STRICKEN** from the docket of the Court;

6. A Judgment in favor of Defendant will be entered contemporaneously herewith.

This 31st day of December, 2009.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Covington\2-08-109-Memorandum-Order-Adopting-R&R.wpd